UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY S. BARNGROVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:17-cv-1312-WTL-DLP |
| | ) |
| NANCY A. BERRYHILL, Deputy | ) |
| Commissioner for Operations, Social Security | ) |
| Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Kelly Barngrover requests judicial review of the final decision of Defendant Nancy A. Berryhill, Deputy Commissioner for Operations of the Social Security Administration ("Commissioner"), denying her application for Supplemental Security Income ("SSI"). The Court rules as follows.

## I. PROCEDURAL HISTORY

Barngrover protectively filed her application on February 11, 2014, alleging onset of disability on August 21, 2010.[2] The Social Security Administration ("SSA") initially denied Barngrover's application on May 9, 2014. After Barngrover timely requested reconsideration,

---

[1] It has come to the Court's attention that on March 6, 2018, the General Counsel of the U.S. Government Accountability Office (GAO) notified the President that effective November 17, 2017, Nancy A. Berryhill could no longer serve as the "Acting Commissioner" of the Social Security Administration pursuant to the Federal Vacancies Reform Act of 1998, Pub. L. No. 105-277, Div. C, Title I, 112 Stat. 2681-611 (Oct. 21, 1998), as amended, 5 U.S.C. §§ 3345-3349d. GAO, https://www.gao.gov/products/D18772#mt=e-report (last visited Apr. 27, 2018). The caption has been updated to reflect Ms. Berryhill's current official title.

[2] In an SSI claim, the application date is the beginning of the relevant period at issue, as benefits are not retroactive. *See* Social Security Ruling ("SSR") 83-20.

SSA again denied her claim on August 18, 2014. Thereafter, Barngrover requested a hearing before an Administrative Law Judge ("ALJ"). An ALJ held a hearing on February 9, 2016, at which Barngrover and a vocational expert ("VE") testified. The ALJ issued her decision denying Barngrover's application on March 24, 2016. After the Appeals Council denied Barngrover's request for review on February 27, 2017, Barngrover filed this action seeking judicial review on April 26, 2017.

## II. EVIDENCE OF RECORD

The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

## III. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis.

At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 416.920(b).

At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 416.920(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the

Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month durational requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 416.920(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate her analysis of the evidence in his decision; while she "is not required to address every piece of evidence or testimony presented," she must "provide an accurate and logical bridge between the evidence and her conclusion that a claimant is not disabled." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

### IV. **THE ALJ'S DECISION**

The ALJ found at step one that Barngrover had not engaged in substantial gainful activity since the application date. At step two, the ALJ determined that Barngrover had the severe impairments of "residuals of motor vehicle accident – status post left distal humeral shaft fracture, status post comminuted closed right humeral shaft fracture, and status post grade III open right forearm fracture (20 CFR 416.920(c))." Record at 11. The ALJ found at step three that these impairments did not, individually or in combination, meet or equal the severity of one

3

of the listed impairments. The ALJ's residual functional capacity ("RFC") determination was as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant can frequently finger with right (dominant) hand. The claimant can frequently handle objects and reach overhead and in all directions with the right arm. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and climb ladders, ropes or scaffolds. The claimant can have occasional exposure to extreme cold, extreme heat, wetness, humidity, vibration, fumes, odors, dusts, and gases. The claimant can occasionally operate a motor vehicle and work around unprotected heights and moving mechanical parts.

R. at 12 (footnote omitted). The ALJ concluded at step four that Barngrover was capable of performing her past relevant work as a waitress, tagger, and telephone solicitor. Although the step four finding would end the sequential evaluation and result in a conclusion that Barngrover was not disabled, the ALJ proceeded in the alternative to step five. At step five, the ALJ found, based on VE testimony considering Barngrover's age, education, work experience, and RFC, that there were jobs that existed in significant numbers in the national economy that she could perform. Accordingly, the ALJ concluded that Barngrover was not disabled.

## V. **DISCUSSION**

Barngrover argues that the ALJ erred in two respects. The Court will address the second argument first.

### A. Credibility Determination

Barngrover argues that the ALJ failed to adequately explain her conclusion that Barngrover was not entirely credible, without any further discussion or application of the factors contained in SSR 96-7p.[3] Barngrover contends that the ALJ's credibility analysis is meaningless

---

[3] On March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding how a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms are to be evaluated. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 28, 2016). Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than

4

boilerplate. Barngrover further argues that the ALJ failed to provide an accurate and logical bridge between the evidence and her conclusion that Barngrover's complaints that she would be unable to sustain work were not credible. Barngrover notes that the effect of symptoms on her inability to work (her subjective complaints) cannot be disregarded solely because they are not substantiated by objective evidence.

Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted). Reviewing courts examine whether a credibility determination was reasoned and supported; only when an ALJ's decision "lacks any explanation or support . . . will [the Court] declare it to be 'patently wrong.'" *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008). SSR 96-7p provides guidance as to how the ALJ is to assess a claimant's credibility:

> In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:
> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

---

assessing her "credibility." *Id.* However, SSR 16-3p is not retroactive; therefore, the "credibility determination" in the ALJ's March 24, 2016 decision is governed by the standard of SSR 96-7p. SSR 16-3p, 2017 WL 5180304 at *1 (Oct. 25, 2017).

> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p (S.S.A.), 1996 WL 374186 (July 2, 1996).

Barngrover is correct that the ALJ's credibility analysis begins with language that Barngrover is "not entirely credible," R. at 13, which is nearly identical to language found by the Seventh Circuit to be meaningless boilerplate, *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). However, the Court finds the point somewhat immaterial here, where the ALJ followed the boilerplate up with an explanation of the evidence she found to support the finding. Moreover, we do not confine our review of the ALJ's credibility analysis solely to the explanation in that portion of the decision, but read the decision as a whole. The ALJ is not required to address every piece of evidence in each section of her decision nor repeat the factual analysis throughout each section. *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("it is proper to read the ALJ's decision as a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses").

The ALJ's decision, read as a whole, at least alludes to the factors the ALJ must analyze when evaluating the credibility of Barngrover's subjective complaints. The ALJ summarized Barngrover's testimony, detailing her subjective complaints. R. at 13. Contrary to Barngrover's assertion, the ALJ did not imply that Barngrover testified she could not handle even small objects, such as a newspaper, magazine, or telephone, but accurately described that Barngrover expressed an inability to do so for "extended periods." R. at 13. The ALJ addressed Barngrover's use of daily ibuprofen for pain and her contention that symptoms persisted despite its use. R. at 13. The ALJ mentioned in terms of daily activities that Barngrover testified "she shops for groceries but has problems lifting heavy packages." R. at 13. The ALJ discussed that there was no evidence of adverse medication side effects and that Barngrover used other measures, including a history of surgical intervention, prior to the period at issue and then

6

physical therapy and application of a heating pad during the relevant period. R. 13. The ALJ explained her conclusion that the degree of limitation alleged was not supported by the record, noting the lack of functional limitations found during the consultative examination. R. at 13. In a previous portion of the decision, the ALJ discussed the manipulative and environmental restrictions she assessed based on Barngrover's allegations that extreme weather and repetitive manipulative maneuvers aggravate her pain. R. at 13. Accordingly, the Court does not find error with the ALJ's failure to consider the factors referenced in SSR 96-7p.

However, the Court does not find the ALJ's credibility analysis to be free of error either. Barngrover's better argument is that the ALJ does not adequately articulate her credibility finding. In assessing the claimant's credibility, an ALJ is required to "build an accurate and logical bridge from the evidence to [the] conclusion". *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Despite reference to evidence that has some connection to the regulatory factors, the ALJ's decision does not adequately demonstrate for the Court how she concluded that Barngrover's specific complaints that she cannot sustain even very modest manipulative functions were contraindicated by the evidence that was cited. Barngrover consistently testified not that she was unable to perform specific manipulative functions, but that she could not sustain them for even an hour at a time. R. at 28, 32. Some of the evidence the ALJ cites, that over the counter medication did not control Barngrover's pain and that she has further attempted physical therapy and other measures, for example applying heat, appears to be more supportive of Barngrover's testimony than in contradiction.

Even if the Court were to assume that Barngrover meant that her ability to do grocery shopping was limited solely by an inability to lift heavy items, implying she was not restricted from performing the manipulative functions necessary to accomplish the activity, it does not necessarily follow that she could sustain those manipulative functions throughout the day. Fairly

7

restrictive daily activities do not necessarily undermine or contradict a claim of disabling pain. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (citing *Clifford*, 227 F.3d at 872). "The ALJ should have explained the 'inconsistencies' between Zurawski's activities of daily living (that were punctured with rest), his complaints of pain, and the medical evidence." *Id.* (citing *Clifford*, 227 F.3d at 870–72); *see Villano v. Astrue,* 556 F.3d 558, 562-63 (7th Cir. 2009). "But there is a deeper problem with the administrative law judge's discernment of contradiction. [The ALJ] failed to consider the difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week." *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004) (citing *Clifford*, 227 F.3d at 872 (further citations omitted)).

Relatedly, the ALJ appears to rely, to a significant degree, on the fact that Barngrover was able to perform specific manipulative functions without impairment at the consultative examination. The brief examination does not contradict Barngrover's specific complaints that she cannot sustain those functions for an hour or more. Had the examination tested Barngrover's functional ability over a considerable period of time, as is often done in functional capacity examinations, the evidence may have been more probative in assessing Barngrover's complaints. Moreover, the examination did reveal significantly decreased range of motion and muscle strength, which provides further objective support of Barngrover's specific complaints.

"And so 'once the claimant produces medical evidence of an underlying impairment, the [Deputy] Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence.'" *Carradine*, 360 F.3d at 753 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. Indeed, in certain situations, pain alone can be disabling, even when its

existence is unsupported by objective evidence." *Id.* (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam) (citations omitted)). When there is a severe impairment that could provide the basis for complaints of pain, as here, it is not enough for the ALJ to demonstrate that she has considered those complaints using the applicable factors, she must demonstrate with substantial evidence that those complaints are actually inconsistent or incredible based on the record. *See Indoranto v. Barnhart*, 374 F.3d 470, 474-75 (7th Cir. 2004). The Court finds that remand is required for further consideration of Barngrover's credibility with regard to her allegation of disabling pain.

### B. RFC and Function-by-Function Assessment

Barngrover argues that the ALJ failed to find any real limitations with the use of her dominant right upper extremity, despite evidence of significantly reduced range of motion and strength. Barngrover further argues that the ALJ never explained the rationale behind her RFC finding, beyond her conclusion that Barngrover could perform light work, and that the ALJ did not comply with SSR 96-8p by first doing a function-by-function assessment.

Having found that the ALJ's credibility analysis necessitates remand for further consideration, the Court declines to fully address Barngrover's RFC argument. Contrary to Barngrover's assertions, the decision does demonstrate application of a function-by-function assessment. However, given the Court's determination that the ALJ must reevaluate his credibility finding as it relates to Barngrover's testimony regarding the pain she experiences and the effects thereof, on remand the ALJ also shall reevaluate his RFC analysis, and specifically the effects of Barngrover's pain on her RFC.

## VI. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with the Court's Entry.

SO ORDERED: 5/25/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.